**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**ALISHA D. COBBS**                                                                                   **PLAINTIFF**

**v.**                                              **NO. 4:05-CV-488 GTE**

**GRAPAT EMPLOYERS, INC.**                                                          **DEFENDANT**

## ORDER

Presently before the Court is the Plaintiff's Motion to Reconsider. Plaintiff argues that she has presented sufficient evidence to allow these claims to proceed to trial and requests the Court reconsider its Summary Judgment Order entered on June 16, 2006.

Plaintiff seeks relief pursuant to Fed. R. Civ. P. 59(e), principally relying on arguments the Court considered on Summary Judgment. Plaintiff argues, once again, that she was subjected to more severe punishments than white employees were for similar conduct. Additionally, Plaintiff argues that the legitimate, non-discriminatory reason for termination, to wit, Plaintiff's verbal altercation with her supervisor, was a pretext because Plaintiff was permitted to come into work the day after this incident. Plaintiff argues that she was actually terminated for making allegations of race discrimination in a letter dated August 13, 2004.

The Court finds no grounds for Rule 59 relief here. The Court considered the arguments raised in this Motion to Reconsider when it made its Summary Judgment ruling. Plaintiff's argument focus on only one portion of the *McDonnell Douglas* burden shifting framework. The Court had assumed, for purposes of Summary Judgment, that the Plaintiff had presented sufficient circumstances of unlawful discrimination. The burden shifted to the Defendants to articulate a non-discriminatory reason for Plaintiff's termination. Defendants stated that Ms.

Cobbs was fired for her personality conflict with her supervisor and for disrupting the workplace. This then shifted the burden back to the Plaintiff to show that the proffered reason for termination was a pretext for discrimination. In order to show that it was a pretext for discrimination, Plaintiff had the burden of establishing *both* that the reason was false and that discrimination was the real reason. Here, Plaintiff failed to meet her burden of showing that the offered legitimate, non-discriminatory reason for Plaintiff's termination was false.

    IT IS THEREFORE ORDERED that the Defendant's Motion for Reconsideration (Dkt. #51) be, and it is hereby, DENIED.

    IT IS FURTHER ORDERED that the Defendant's Motion to Strike (Dkt. #54) be, and it is hereby, DENIED as moot.

    Dated this 25th day of August, 2006.

                                __/s/ Garnett Thomas Eisele_____
                                UNITED STATES DISTRICT JUDGE